UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ADALEI HARRIS**  **CIVIL ACTION NO.**

**VERSUS**

**UNITED SPECIALTY INSURANCE**  **22-999-JWD-SDJ**
**COMPANY, et al.**

### NOTICE AND ORDER

Defendants, United Specialty Insurance Company; AOC Trucking, LLC; and Jose Juarez Guerrero removed this case to this Court on December 8, 2022.[1] In their Notice of Removal, Defendants allege that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.[2] However, Defendants' Notice of Removal is deficient in that it does not adequately allege the citizenship of any of the parties or sufficiently allege that the amount in controversy is met.

Per 28 U.S.C. § 1332(a)(1), a district court shall have original jurisdiction over all civil actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and "is between citizens of different States." With regard to citizenship, the Notice of Removal alleges that Plaintiff is a resident of Louisiana and Defendant Jose Juarez Guerrero is a resident of Texas.[3] However, the citizenship of an individual is determined by the individual's *domicile*, not residency. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

Moreover, neither the citizenship of Defendant AOC Trucking, LLC, nor that of Defendant United Specialty Insurance Company are adequately alleged. The citizenship of a limited liability company, which Defendants allege AOC to be,[4] is determined by the citizenship of all its members.

---

[1] R. Doc. 1.
[2] *Id.* at 2.
[3] *Id.* at 3; R. Doc. 1-2 at 1.
[4] *Id.*

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Each member of the LLC must be specifically identified and citizenship alleged as to each. *See BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted). General allegations that do not specifically identify each member and allegations phrased in the negative, *i.e.*, "none of the members are citizens of" a state, are insufficient. *Truxillo v. Am. Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016), citing *Constance v. Austral Oil Exploration Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013) (allegations of citizenship phrased in the negative are insufficient). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[5]

Similarly, the citizenship of United also is not properly alleged. The citizenship of a corporation, which Defendants allege United to be,[6] is determined by its place of incorporation and principal place of business, and both must be affirmatively alleged. *See Getty Oil, a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Here, Defendants allege that United "is a Texas corporation, with its principal place of business in the State of Texas."[7] Based on this particular wording, the Court is not certain if Texas is the state in which United was

---

[5] The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction") (citations omitted).

[6] R. Doc. 1 at 3.

[7] *Id*.

2

incorporated. Thus, as instructed below, Defendants are to file an amended Notice of Removal in which they adequately and properly allege the citizenship of all parties to this litigation.

Not only is Defendants' Notice of Removal deficient in its allegations of citizenship, but it also fails to demonstrate to the Court that the requisite amount in controversy is met. In her Complaint, Plaintiff does not provide any information about any injuries she allegedly suffered in the vehicular accident underlying this litigation. Rather, she seeks only general damages that include, *inter alia*, "physical pain and suffering," "mental anguish," "disfigurement and disability," and "medical expenses."[8] But these are only general categories frequently alleged by plaintiffs in personal injury actions and provide no indication to the Court the type or severity of Plaintiff's injuries. Moreover, "[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *Davis v. JK & T Wings, In*c., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

The Notice of Removal is similarly lacking in specifics, alleging only that Plaintiff "alleges that she sustained personal injuries" and that "based on upon Plaintiff's allegations and discussions with Plaintiff's counsel, along with the Plaintiff's refusal to stipulate concerning the amount in controversy, the amount in controversy exceeds $75,000, exclusive of interest and costs."[9] This conclusory, unsupported allegation is not sufficient to establish amount in controversy.

In the Joint Status Report filed by the parties, the following allegations regarding Plaintiff's injuries and treatment are made:

---

[8] R. Doc. 1-2 at 2.
[9] R. Doc. 1 at 3.

3

> Ms. Harris injured her neck and back. She has also had headaches, leg pain and numbness. Ms. Harris has had MRIs and has been treated with therapy and medications. Dr. John has recommended interventional pain management procedures. Treatment is ongoing.[10]

The Status Report also provides a calculation of Plaintiff's damages as $9,980.00 in medical expenses and $720 in court costs, with future medical expenses and lost wages "unknown at present."[11] Plaintiff also states that general damages are "to be determined," again listing general categories of damages similar to those listed in her Complaint.[12] While Plaintiff indicates that the calculation of her damages "will likely change or increase as her treatment continues," the information and amounts provided to the Court fall far below the requisite $75,000 threshold.[13] This is not helped by Defendants' admission in the Status Report that no discovery has been conducted, so Defendants, the removing parties, "have no accurate knowledge or calculation of the damages of Plaintiff."[14] With no specific information about the type or extent of Plaintiff's alleged injuries or about her incurred or expected treatment procedures, the Court finds the current allegations and information insufficient to establish amount in controversy.

When—like here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta Coatings, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 15-222, 2016 WL 7851411, *2 (M.D. La. Oct. 21, 2016). Defendants, as the removing parties, carry the burden of proving that the requirements for federal jurisdiction have been met, and have not yet met said burden. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing

---

[10] R. Doc. 9 at 2.
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.*
[14] *Id.* at 4.

4

party bears the burden of showing that federal jurisdiction exists and that removal was proper."). Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity and whether the amount in controversy requirement has been met. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS ORDERED** that the Scheduling Conference set for March 23, 2023, is **CANCELED**.

**IT IS FURTHER ORDERED** that, by no later than **April 19, 2023**, Defendants either shall file an amended Notice of Removal that properly alleges the citizenship of all parties and provides sufficient support indicating the amount in controversy is met, or shall file a motion to remand this case to state court for further proceedings.

Signed in Baton Rouge, Louisiana, on March 22, 2023.

                                      **SCOTT D. JOHNSON**
                                      **UNITED STATES MAGISTRATE JUDGE**