UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ADALEI HARRIS**  **CIVIL ACTION NO.**

**VERSUS**

**22-999-JWD-SDJ**

**UNITED SPECIALTY INSURANCE COMPANY, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 13, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADALEI HARRIS** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **22-999-JWD-SDJ** |
| **UNITED SPECIALTY INSURANCE COMPANY, et al.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Based on this Court's independent obligation to ensure its own subject matter jurisdiction, it is recommended that this matter be remanded to the Nineteenth Judicial District for the Parish of East Baton Rouge, State of Louisiana, on the Court's own motion based on the failure of removing Defendants United Specialty Insurance Company; AOC Trucking, LLC; and Jose Juarez to show by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional threshold and to properly allege diversity of citizenship necessary to exercise federal jurisdiction under 28 U.S.C. § 1332

### I.   BACKGROUND

This case involves claims for damages allegedly sustained by Plaintiff in a car accident that occurred on December 16, 2021.[1] On October 31, 2022, Plaintiff filed a Petition for Damages against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[2] Plaintiff's Petition does not allege specific injury, but cites physical pain and suffering, mental anguish, loss of enjoyment, disfigurement and disability, medical expenses, lost wages, and

---

[1] R. Doc. 1-4 at 4 ¶ 2.
[2] R. Doc. 1-2.

property damage.³ Defendants removed the matter to this Court on December 8, 2022.⁴ In their Notice of Removal, Defendants allege that the basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.⁵

As explained in the *sua sponte* Notice and Order issued by the Court on March 22, 2023, the Notice of Removal and supporting documentation did not show that Plaintiff's damages likely exceed $75,000, exclusive of interest and costs.⁶ Defendants were ordered to file an amended notice of removal properly alleging citizenship of all parties and providing sufficient evidence that the amount in controversy requirement of 28 U.S.C. § 1332 is met.⁷ On April 13, 2023, Defendants filed their Amended Notice of Removal.⁸

## II.  LAW AND ANALYSIS

### A.  Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party

---

³ *Id.* at 2-3 ¶ 10.
⁴ R. Doc. 1.
⁵ *Id.* at 2.
⁶ R. Doc. 10.
⁷ *Id.*
⁸ R. Doc. 11.

has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). *See also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"). The Court has a duty to raise the issue of jurisdiction *sua sponte*, as it has done here. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

B.  **Amount in Controversy**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions. La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298, citing *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original).

When—like here—the facially apparent test is not met, the district court may require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *Delta*

*Coatings, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 15-222, 2016 WL 7851411, *2 (M.D. La. Oct. 21, 2016). "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Allen*, 63 F.3d at 1335 ("under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time").

Here, Plaintiff does not allege any specific injuries in her Petition. In their Notice of Removal, Defendants allege that the amount in controversy exceeds the jurisdictional limit based solely on Plaintiff's allegation that she "sustained personal injuries" and refused to stipulate that the amount in controversy does not exceed $75,000.[9] Despite the Court's admonishment that "[t]his conclusory, unsupported allegation is not sufficient to establish amount in controversy," Defendants repeat the same allegation in the Amended Notice of Removal, adding only that Plaintiff has also refused to answer a Request for Admission that the amount in controversy does not exceed $75,000.[10] Defendants provide no further evidence as to amount in controversy.[11]

This Court has repeatedly found that, while a plaintiff's refusal to stipulate that their damages do not exceed the jurisdictional threshold is entitled to come consideration, it is not dispositive of the amount in controversy. *Jaral*, 2023 WL 2639287, at *7; *see also Demoulin v. Labor Smart, Inc.*, No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation adopted*, 2017 WL 2468796 (M.D. La. Jun. 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.'"); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261,

---

[9] R. Doc. 1 at 3 ¶ 8.
[10] R. Doc. 11 at 3 ¶ 8.
[11] The Joint Status Report (R. Doc. 9) provides a few more details, but these were addressed in the Court's Notice (R. Doc. 10). The Joint Status Report remains insufficient to show amount in controversy.

at *4 (M.D. La. Dec. 14, 2007) ("[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."); *Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy.").

Here, even giving some weight to Plaintiff's refusal to stipulate that her damages do not exceed $75,000, the Court finds that this alone is not sufficient to sustain Defendants' burden without further evidence of Plaintiff's injuries or medical costs. Defendants have the burden of proof to show that the amount in controversy exceeds $75,000. Based on the information provided both in the Notice of Removal and Amended Notice of Removal, Defendants have failed to carry this burden.

### C. Diversity of Citizenship

In its Notice regarding jurisdiction, the Court noted that "neither the citizenship of Defendant AOC Trucking, LLC, nor that of Defendant United Specialty Insurance Company are adequately alleged."[12] As to AOC Trucking, the Court advised:

> The citizenship of a limited liability company, which Defendants allege AOC to be, is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Each member of the LLC must be specifically identified and citizenship alleged as to each. *See BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and

---

[12] R. Doc. 10 at 1.

      Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted). General allegations that do not specifically identify each member and allegations phrased in the negative, *i.e.*, "none of the members are citizens of" a state, are insufficient. *Truxillo v. Am. Zurich Ins. Co.*, No. 16-369, 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016), citing *Constance v. Austral Oil Exploration Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013) (allegations of citizenship phrased in the negative are insufficient). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[13]

The Court further advised that "Defendants allege that United 'is a Texas corporation, with its principal place of business in the State of Texas.' Based on this particular wording, the Court is not certain if Texas is the state in which United was incorporated."[14]

      In the Amended Notice of Removal, Defendants allege that AOC Trucking, LLC, is "a Texas limited liability company with its principal place of business in the State of Texas" and that United Specialty Insurance is "a Texas corporation, with its principal place of business in the State of Texas".[15] Not only do Defendants fail to properly allege citizenship of these two entities as instructed by the Court, but the allegations in the Amended Notice of Removal are, in fact, identical to those in the original Notice of Removal. Accordingly, Defendants have not met their burden to show diversity of citizenship as required for federal jurisdiction per 28 U.S.C. § 1332.

---

[13] *Id.* at 1-2.
[14] *Id.* at 2 (internal citation omitted).
[15] R. Doc. 11 at 3 ¶ 7.

## III. RECOMMENDATION

Based on the foregoing, and because doubts about the propriety of removal are to be resolved in favor of remand,

**IT IS RECOMMENDED** that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction on the Court's own motion.

Signed in Baton Rouge, Louisiana, on September 13, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**